UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARYANN MALTESE,

                              Plaintiff,

              -against-

CARL HEASTIE, NYS LEGISLATIVE REP;
KATHY HOCHUL, GOVERNOR;
RICHARD SCHAFFER SUPERVISOR
(CEO) + CHAIR NYS DEMOCRATS
PARTY; FRANK WU, QUEENS COLLEGE
CUNY PRESIDENT,

                              Defendants.

24-CV-6899 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Suffolk County, New York, filed this action *pro se*, along with an

application for leave to proceed *in forma pauperis* ("IFP"). By order dated September 13, 2024,

the Court transferred Plaintiff's action to the United States District Court for the Northern

District of New York, under 28 U.S.C. § 1406(a), leaving the decision to that court as to whether

Plaintiff should be permitted to proceed IFP.[1] (ECF No. 5.)

On September 18, 2024, Plaintiff filed a motion to "accept payment fee and evidence of

the appendix from CUNY within failures of defendant" and a declaration in support. (ECF 6, 7.)

This Court's Clerk's Office reports that Plaintiff submitted two boxes of documents to be

docketed in this action. The Court construes Plaintiff's motion as seeking: (1) reconsideration of

the abovementioned transfer order; (2) leave to pay the fees to bring this action in this court; and

(3) leave to file additional documents in this action in this court. Attached to the motion is a

---

[1] As noted in the transfer order, Plaintiff alleged in her complaint that Defendants violated
her rights in Albany County, and that Defendants are employed in Albany County, Suffolk
County, and Queens County. Plaintiff did not plead the residence of any of the defendants. (ECF
5 at 2.)

docket sheet of an action that Plaintiff filed in the United States District Court for the Eastern District of New York, which references other actions she filed in that court. (ECF 6 at 3-8.) In the declaration filed in this court, Plaintiff alleges that she is a "public officer" and an employee of the "state legislature" who is being denied "a state pension as of end of service,"[2] and she again references prior litigation in the Eastern District of New York. (ECF 7 at 1.)

## DISCUSSION

### A.    Reconsideration of the Transfer Order

Normally, the transfer of an action divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court, however, retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Because Plaintiff filed the motion challenging the September 13, 2024 transfer order before this action has been transmitted to the transferee court, this Court has jurisdiction to consider Plaintiff's motion.

### 1.    Relief under Rule 59(e) and Local Rule 6.3

The Court liberally construes this submission as a motion to alter or amend judgment and for relief from a judgment or order under Rules 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") , and a motion for reconsideration under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of

---

[2] Plaintiff's submissions are illegibly handwritten and challenging to decipher.

2

pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted).

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to its decision to transfer this action. In her complaint and subsequent submissions, Plaintiff does not allege that any defendant resides in this district, or that any of the events giving rise to this action occurred here. Accordingly, venue is not proper in this court under 28 U.S.C. § 1391(b)(1) or (2). The Court's transfer of this action under 28

U.S.C. § 1406(a) was therefore proper, and the Court denies Plaintiff's motion for relief under Rule 59(e) and Local Rule 6.3

### 2. Relief under Rule 60(b)

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, relief under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), relief is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985).A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, relief under Rule 60(b)(6) is denied.

**B.      Other Relief**

The Court denies Plaintiff's motion to pay the fees to bring this action, without prejudice to her seeking such relief in the transferee court should she wish to do so. Because the documents that Plaintiff submitted to the court with the motion will be docketed, the Court denies as unnecessary the motion file additional documents.

## CONCLUSION

Plaintiff's motion challenging the transfer order (ECF No. 6) is denied, and the Clerk of Court is directed to terminate it. The Court denies Plaintiff's motion to pay the fees to bring this action without prejudice to her seeking such relief in the transferee court. The Court denies as unnecessary the motion to file additional documents here.

This action is closed. The Clerk of this Court will only accept for filing documents for this action that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 24, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge